## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No.: 10-166 |
| | ) |
| MICHAEL DUANE BRACKEN, | ) |
| Defendant | ) |

## SENTENCING MEMORANDUM ON BEHALF OF
## MICHAEL DUANE BRACKEN

The Defendant, Michael Duane Bracken, through his attorney, Chris Rand Eyster, Esquire, files this sentencing memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C.§ 3553(a). Here, there are factors present which would warrant a downward variance from the sentencing guidelines:

The Sentencing Guideline Range

The Defendant pled guilty to Count One of the indictment, conspiracy against rights. According to the PSIR (p. 13), the advisory guideline range for imprisonment is 12 to 18 months.

Sentencing under *Booker*

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S.

466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines at the time, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id*. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.[1]

*Id*. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guidelines's mandatory nature, 18 U.S.C.§3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*, requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well. *see* §3553(a); *Booker*, 125 S. Ct. at 757; *see also United States v. Gunter*, 462 F.3d 237, 249 (3rd Cir. 2006) (Guidelines are a factor in sentencing not a mandate); *Gunter II*, 527 F.2d 282 (3d Cir. 2008) (3rd Cir. 2008). Thus,

---

[1] Even this single exception, a prior conviction, which was narrowly upheld in *Almendarez-Torres v. United States* (1998), is being revisited by the United States Supreme Court in pending cases, *Ayala-Segoviano v. United States*, and *Vazquez v. United States*. (citations omitted).

under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing factors should generally trump the guidelines. *See United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since §3553(a) requires the sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

Most important, "a sentencing court should consider every convicted individual as a person and every case a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gunter II*, 527 F.2d 282 (3d Cir. 2008); *Gall v. United States*, 128 S.Ct. 586 (2007); (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996).[2]

Application of the Statutory Sentencing Factors to the Facts of this Case

A. *The nature and circumstances of the offense and the history and characteristics of the Defendant*.

Michael Bracken is a 23-year-old young man with no prior criminal record. He had a good reputation in his community as evidenced by the plethora of character letters to be submitted to the Court under seal and introduced at sentencing. *See also,* Mitigation

---

[2] *See Rita v. United States*, 127 S. Ct. 2456, 2473 (2007) (Stevens, J. and Ginsburg, J., concurring) ("The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. *See* U.S.S.G. Manual §5H1.1-6, 11, and 12 (Nov. 2006). These are, however, matters that 3553(a) authorizes the sentencing judge to consider. 18 U.S.C. § 3553(a)(1)).")

Investigation Report, p. 3. Michael's criminal behavior on November 14, 2009 seems completely inconsistent with his character and appears to be an isolated occurrence. *Id.,* pp. 4-5. The evidence also showed that Michael's consumption of alcohol and use of marijuana on that tragic day clouded his judgment and induced his involvement in this crime. *Id.* p. 4. Furthermore, as the Presentence Investigation Report indicates, Michael's "youthful age and immaturity" may warrant a "departure" from the sentencing guidelines. *Id.,* at 15. Likewise, the Defendant's Mitigation Investigation Report also cites to Defendant's immaturity and lack of resistance to peer pressure as causal factors in this crime. *Id.,* pp. 4-5.

By all accounts, Michael deeply regrets the harm his actions caused the victims and has apologized in a sincere and timely fashion. *See* Mitigation Investigation Report*,* p. 4. Moreover, he has accepted responsibility by pleading guilty and met with government agents on several occasions to confess the details of his crime.

In addition, Michael successfully completed drug and alcohol treatment during his pre-trial release. *Id.,* p. 3; *see also,* Presentence Investigation Report, p. 11. Michael's amenability to treatment suggests that probation should be considered by the Court as an appropriate sentence. Most significantly, Michael's incarceration prior to sentencing will have a deep and lasting effect. Accordingly, there is absolutely no risk that Michael will re-offend upon his release. Indeed, Michael's plan to resume gainful employment and his commitment to his family will further assure his successful reintegration into society.

Conclusion

     The Defendant submits that a sentence of probation is appropriate in this case.  In the alternative, the Defendant submits that a sentence of four months (time served) to be followed by home detention or supervised release is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C.§ 3553(a).

                                          Respectfully submitted,

                                          s/ Chris Rand Eyster
                                          CHRIS RAND EYSTER, ESQUIRE
                                          Attorney for Michael Duane Bracken
                                          100 Ross Street, Suite 304
                                          Pittsburgh, PA 15219
                                          (412) 765-0633
                                          PA. I.D. #44166